# L. H. De Wolf, Plff. in Err., *v.* A. G. McNabb et ux.

Evidence to prove a fraudulent conveyance of property for the purpose of hindering creditors, examined, and held sufficient.

### (Decided October 26, 1885.)

Error to the Court of Common Pleas of Mercer County to review a judgment for plaintiff in an action of ejectment. Affirmed.

This was an action of ejectment, brought by A. G. McNabb and wife, in the right of the wife against the defendant, L. H.

NOTE.—As to the general question, Upon whom rests the burden of proof in an action to set aside a conveyance alleged to be fraudulent? the burden generally is upon the party attacking the conveyance, and he must establish the fraud clearly upon the evidence (Fifield v. Gaston, 12 Iowa, 218; Hempstead v. Johnston, 18 Ark. 123, 65 Am. Dec. 458; Stout v. Oliver, 40 Ill. 245; Elliott v. Stoddard, 98 Mass. 145; Loeschigk v. Hatfield, 5 Robt. 26; Shontz v. Brown, 27 Pa. 123; Long v. West, 31 Kan. 298, 1 Pac. 545; Chaffe v. Lisso, 34 La. Ann. 310) ; as, in an action where the plaintiff declares a deed by a father to his son void for fraud against creditors (Sellers v. Sellers, 21 La. Ann. 647; Williamson v. Williams, 11 Lea, 355) ; or a conveyance by debtor to his wife (Wolf v. Chandler, 58 Iowa, 569, 12 N. W. 601; Elwell v. Walker, 52 Iowa, 256, 3 N. W. 64) ; or where a conveyance of land to which a debtor had an equitable title is made while a suit is pending against him (Ray v. Lawrence, 8 Dana, 79) ; or in a suit by the assignee of an insolvent debtor, under Mass. Stat. 1841, to recover the value of property alleged to have been transferred by the debtor in preference of one of his creditors (Butler v. Breck, 7 Met. 164, 39 Am. Dec. 768). But, where a bill to set aside certain conveyances on the ground of fraud in respect of creditors alleges that the fraud was not discovered until within four years of the filing of the bill, the onus is on the defendant to show that the plaintiff had notice prior to that time (Shannon v. White, 6 Rich. Eq. 96, 60 Am. Dec. 115) ; and in such case it is not sufficient to show that the plaintiff had a suspicion of fraud, but it must be proved that he had knowledge of the facts constituting the fraud. *Ibid.* So, the presumption of fraudulent intent on the part of one who pays the consideration for a grant of land to another, although not conclusive, throws the burden upon the grantee, in defense of his title, to disprove a fraudulent intent. Dunlap v. Hawkins, 59 N. Y. 342. In an action by a creditor to subject property

De Wolf, to recover a piece of land situate in the borough of Sharon, containing about 1/3 of an acre.

The plaintiff and defendant both traced title from one J. D. Smith, as common source; and the real controversy in this case concerned the good faith of a conveyance by Smith to the defendant's predecessor in title, one Hofius. The plaintiff alleged that, at the time this conveyance was made to Hofius, the grantor, Smith, was largely indebted to A. G. McNabb, and that this conveyance was made by Smith, and accepted by Hofius, to the end, purpose, and intent of delaying, hindering, or defrauding the creditors of said Smith, and in particular McNabb, of their just and legal debts; that it was fraudulent and therefore void.

in the hands of the donee to the payment of a debt contracted by the donor prior to the making of the gift, the burden of showing the solvency of the debtor at the time of making the gift rests upon the defendant. Oliver v. Moore, 23 Ohio St. 473. The burden is also on the creditor to rebut the suspicion of fraud, where, in a certain transaction respecting real and personal property, he is shown to be aware of a debtor's contemplated insolvency. Tickner v. Wiswall, 9 Ala. 305.

One claiming under sheriff's sale, on ground that former conveyance by debtor was in fraud of creditor, has the burden. Pennington v. Flock, 93 Ind. 378. In action to set aside alleged fraudulent conveyance, burden is on plaintiff to show that the debtor did not retain enough property in his hands to satisfy all his debts. Hogan v. Robinson, 94 Ind. 138.

A party setting up a voluntary conveyance executed under suspicious circumstances is bound to show affirmatively that the transaction was fair and honest. Sears v. Shafer, 1 Barb. 408. As against a subsequent purchaser for value without notice, the presumption of fraud may be rebutted by evidence of the bona fides of the transaction. To this end, a long lapse of time intervening between the two conveyances, alone may be sufficient (Howard v. Snelling, 32 Ga. 195); and a donee must show that the donor's circumstances justified him in making a gift; otherwise the law presumes against the conveyance. Cock v. Oakley, 50 Miss. 628. A creditor in seeking to set aside a conveyance on the ground of fraud must allege and show the facts and circumstances necessary to make out the case, in addition to the want of a valuable consideration. Pence v. Croan, 51 Ind. 336.

Under the Indiana statute the question of fraudulent intent in making a conveyance is not one of legal inference or presumption, but is one of fact, to be found from the facts and circumstances of the case (Pence v. Croan, 51 Ind. 336); and the same in effect is held in New York (Bennett v. McGuire, 58 Barb. 625). Fraud is not to be presumed, even in the case of a conveyance made by a debtor to his wife, where he testifies that it was for a valuable consideration, and there is no evidence adduced to impeach his character or contradict his statement (Grant v. Ward, 64 Me. 239); but, where a debtor who conveys his property to near relatives is shown to be in failing circumstances, or to have made the conveyance without adequate consideration and with unusual caution, the presumption is raised that he

The plaintiff further alleged that L. H. De Wolf, the defendant, was aware, or had knowledge, of the fraudulent character of the conveyance from Smith to Hofius at or about the time it was made, or, at least, prior to the date of the conveyance from Hofius to the defendant; and claimed that, even though the defendant had no notice or knowledge of the fraudulent nature of the transaction between Smith and Hofius, he must, nevertheless, suffer the consequences of the fraud, for the reason that, he is not a purchaser for value. The defendant denied that the conveyance from Smith to Hofius was fraudulent, and denied that there was sufficient evidence of fraud in that transaction. He further claimed that, however the transaction between Smith and Hofius may have been, his title was free from taint, for the reason that he purchased the property from Hofius for a valuable consideration, and without notice or knowledge of the alleged fraud.

intended to defraud his creditors (Sands v. Codwise, 4 Johns. 536, 4 Am. Dec. 305) ; so, also, in the case of a grantor of real, estate (Purkitt v. Polack, 17 Cal. 327). It is held, however, that neither the absence of a schedule, nor an estimate of the value of the property assigned, nor a stipulation for the release of those who become parties, nor a reservation of the surplus after the payment of the debts of those who assent, nor evidence that the. assignment was made in secret, are conclusive evidence of fraud (Haven v.. Richardson, 5 N. H. 113) ; the matter being for a jury to determine (Bigelow v. Doolittle, 36 Wis. 115). In a particular case, where an insolvent. father conveyed land to a daughter and son-in-law who lived with him, the presumption was held warranted that they knew of the father's insolvency.. Dunlap v. Haynes, 4 Heisk. 476.

The Nebraska statute makes possession by seller prima facie evidence of. fraud, and in such case the burden is on purchaser to show that the sale was honest. Densmore v. Tomer, 14 Neb. 392, 15 N. W. 734.

Where wife, as against husband's creditor, claims property by virtue of. mortgage or conveyance from him, she has the burden of showing consideration paid; and when that is clearly established the burden of showing fraud is upon the party alleging it. Semmens v. Walters, 55 Wis. 675, 13: N. W. 889.

When facts are proved sufficient to discredit a sale, the burden of proof shifts to those who are best qualified to know the truth. King v. Atkins,. 33 La. Ann. 1057.

If the third party who purchases has knowledge of the fraudulent agreement by which the grantor obtained title, the purchase is voidable though a. valuable consideration be given. Dean v. Connelly, 6 Pa. 239; Pentecost's: Appeal, 1 W. N. C. 35. But, if he buy for value and without notice of the fraud upon creditors, his title is protected. Mateer v. Hissim, 3 Penr. &: W. 160; Hood v. Fahnestock, 8 Watts, 489, 34 Am. Dec. 489.

On the trial it appeared that, prior to 1874, McNabb and Smith were partners in the tanning business; that, upon the dissolution of the partnership, Smith was indebted to McNabb, and on account of this indebtedness McNabb, by proceedings commenced February 27, 1875, obtained a judgment against Smith for $3,100.

At the time of the dissolution Smith was the owner of the property in dispute, and he conveyed the same to John Hofius by deed recorded February 9, 1875. Hofius afterwards conveyed to De Wolf, the defendant. On June 15, 1885, the property was sold under an execution issued upon McNabb's judgment, and Jane McNabb became the purchaser. Thereupon this action was commenced.

Upon these facts the jury returned a verdict for plaintiffs, and, a motion for a new trial having been denied, the defendant brought error.

*E. P. Gillespie* and *Miller & Gordon* for plaintiff in error.

*B. Magoffin* and *J. G. Elliott* for defendants in error.

PER CURIAM:

We have given the evidence in this case a careful examination and consideration. The main contention is that of fraud in the transaction.

This opened a wide door to the admission of evidence.

There certainly was evidence tending to show the conveyance by Smith to Hofius was made and accepted with intent to defraud McNabb; and there is also sufficient evidence to submit to the jury that De Wolf was not a bona fide purchaser for value without notice. The evidence was fairly submitted, and we see no sufficient reason for disturbing the judgment.

Judgment affirmed.